## HAM SHARP v. JOHN A. TATHAM.

### (Filed 20 September, 1933.)

APPEAL by defendant from *Clement, J.,* and a jury, at March Term, 1933, of GRAHAM. No error.

This was a civil action. The plaintiff alleged two causes of action: First, that, the defendant was liable on a certain promissory note by reason of placing his signature upon same, and by agreeing to be responsible for said note. Second, that the defendant was liable to the plaintiff because the defendant procured the money represented by the note by means of certain fraudulent representations as alleged in the second cause of action in the complaint. The defendant denied liability, denying that he made any fraudulent representations and as to the first cause of action he pleaded the statute of frauds.

The issues submitted to the jury and their answers thereto were as follows:

"1. Is the defendant indebted to the plaintiff by reason of the plaintiff's surrendering to the defendant a bank certificate and accepting therefor certain notes referred to in the pleadings? Answer: Yes.

2. If so, in what amount? Answer: $2,000, with interest from 11 February, 1931.

3. Did the defendant by fraud and misrepresentation procure the plaintiff to surrender the bank certificate referred to in the pleadings and accept therefor the notes referred to in the pleadings? Answer: Yes."

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Morphew & Morphew for plaintiff.*
*T. M. Jenkins and Moody & Moody for defendant.*

PER CURIAM. The first question involved: In this case, upon the pleadings and the evidence, should the court have charged the jury as to the statute of frauds, and especially as to that section that deals with the answering for the debt, default, or miscarriage of another person? We think not.

On the present record, in regard to the first cause of action, the question as to the defendant pleading the statute of frauds, C. S., 987, it is not necessary to discuss. The jury found both issues against defendant and one is sufficient to sustain the judgment. We may say though that the promise alleged and procured by plaintiff is an original and independent one and does not come within the statute of frauds.

The second question: Upon the defendant's motion for judgment of nonsuit, was there sufficient evidence of fraud to be submitted to the jury? C. S., 567. We think this question must be answered in the affirmative.

From a careful reading of the record, we think there was sufficient competent evidence to be submitted to the jury. It was a question of fact and the lines sharply drawn between the testimony of plaintiff and the defendant. The jury took plaintiff's version and we are bound by the finding. As to the competency of the evidence complained of and the charge of the court below, we can see no prejudicial or reversible error.

No error.